IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC., | ) )  Civil Action No. |
| Plaintiffs, | ) ) **Electronically Filed** |
| v. | ) ) |
| RE BACKOFFICE, INC., | ) ) |
| Defendant. | ) ) |

## █████████ JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the stipulation of Plaintiffs CoStar Group, Inc. ("CoStar Group") and CoStar Realty Information, Inc., ("CoStar Realty," and together with CoStar Group, "CoStar") and Defendant RE BackOffice, Inc. ("REBO"), this Court hereby ORDERS that final judgment shall be and is hereby entered in this action, pursuant to Federal Rule of Civil Procedure 58(a), as follows:

1. Judgment is hereby entered in favor of CoStar and against REBO on CoStar Realty's claims of contributory copyright infringement and vicarious copyright infringement, and CoStar's claims of conspiracy to violate the Computer Fraud and Abuse Act and civil conspiracy to engage in unfair competition.

2. Judgment is entered in CoStar's favor in an amount equal to 100% of the profits earned by REBO under its contract(s) with Xceligent, Inc.

3. The payment required by the preceding paragraph and the injunctive relief provided herein redress only acts, omissions, and injuries that are attributable to REBO alone; the payment and injunctive relief do not redress acts, omissions, or injuries that are attributable to any other entity. Nothing in this Judgment shall diminish either REBO or CoStar's causes of action, claims, or rights with respect non-parties to this action, including without limitation

CoStar's right to bring or pursue the same, similar, or related claims or causes of action asserted in this action (including without limitation claims for direct copyright infringement) against, and/or to recover damages from, any of the non-party entities referenced in the Complaint in this action.

## PERMANENT INJUNCTION

Pursuant to the stipulation of CoStar and REBO, and for good cause shown, this Court hereby ORDERS that a Permanent Injunction is entered as follows:

1. For the purposes of this Permanent Injunction, the following definitions shall apply:

   a. "Circumvention Measures" means any method of circumventing CoStar's abuse monitor or blocking software including without limitation virtual private networks, proxies, anonymizers, and/or TOR browsers.

   b. "CoStar" means CoStar Group, Inc., and CoStar Realty Information, Inc., and all and any parent, subsidiary, sister company, affiliate, related entity, assignee, transferee, designee, alter ego, or successor in interest.

   c. "CoStar Content" means both CoStar Photograph(s) and CoStar Data.

   d. "CoStar Data" means any and all property listing information or data, whether now in existence or later created, which (i) is displayed on any CoStar Website or any other website operated by CoStar now or in the future; and (ii) REBO obtained from CoStar, whether directly from CoStar or indirectly through a third party (or through a chain of third parties) which originally obtained the information or data from CoStar and which does not have CoStar's written authorization to distribute the information or data.

2

  e. "CoStar Photograph(s)" means any and all copyrighted images (or portions thereof), whether in the form of a photograph, video, or other non-textual format, and whether now in existence or later created, in which Plaintiffs (including their parents, subsidiaries, or affiliates) own or control an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106).

  f. "CoStar Website" means any website owned or operated by CoStar, including loopnet.com, costar.com, showcase.com, cityfeet.com, apartments.com, apartmentfinder.com, apartmenthomeliving.com, bizbuysell.com, landsofamerica.com, landandfarm.com, shopproperty.co.uk, bizquest.com, and webpages within those domains. For the avoidance of doubt, the defined term CoStar Websites does not include websites owned or operated by third parties, including without limitation commercial real estate brokers.

  g. "REBO" means RE BackOffice, Inc., and all and any parent, subsidiary, or affiliate (including without limitation MaxVal Technologies, Pvt., Ltd. and its affiliates in the course of work performed for, under contract with, or at the direction of RE BackOffice, Inc. ("MaxVal")), and includes all REBO Employees.

  h. "REBO Employee" means any individual who acts or purports to act on behalf of REBO, including any MaxVal employee working on behalf of REBO.

  2. REBO shall be permanently restrained and enjoined from (a) infringing by any means, directly or indirectly, any exclusive rights under the Copyright Act in CoStar Photographs, (b) accessing CoStar Websites for the purposes of competitive use, including without limitation for the purposes of copying CoStar Data, (c) employing Circumvention Measures to bypass CoStar's abuse monitor and/or blocking software for competitive purposes,

3

(d) publishing CoStar Content on its own websites or any other third party website, or (e) providing CoStar Content to any other person or entity for competitive use.

3. If REBO is found to have violated the terms of this Judgment and Permanent Injunction by infringing a CoStar Photograph, copying CoStar Data relating to a real estate listing, or accessing a CoStar Website for competitive purposes, REBO shall pay CoStar the amount of $20,000 per infringing photograph per day of infringement, and $20,000 per real estate listing. This relief is non-exclusive and shall be in addition to any other relief ordered by the Court.

4. This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Judgment and Permanent Injunction. Any such matters shall be raised by motion. The parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by the Court is improper or inconvenient.

5. The parties irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. REBO shall give notice of this Judgment and Permanent Injunction to each of its officers, directors, agents, servants, employees, assigns, owners, alter egos, affiliates, all entities through which it conducts business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them, to the extent such persons exist, and request adherence to the terms of this Permanent Injunction.

**IT IS SO ORDERED.**

October 23, 2017

Date

_[signature]_

USDJ

5